UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
ANDREA STASKOWSKI,

          Plaintiff,

     - against -

NASSAU COMMUNITY COLLEGE,

          Defendant.
-------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★ AUG _ _, 2011 ★

LONG ISLAND OFFICE

**ORDER**
10 CV 4665 (SJF) (WDW)

FEUERSTEIN, J.

On October 12, 2010, *pro se* plaintiff Andrea Staskowski ("plaintiff") filed a complaint against Nassau Community College ("defendant") pursuant to Title VII of the Civil Rights act of 1964, *as codified*, 42 U.S.C. §§ 2000e, *et seq.* On November 3, 2010, plaintiff filed a signed, but unnotarized, "Affirmation of Service" which indicated that the complaint was mailed to "Warren H Richmond II, Esq." at "Ingerman Smith L.L.P." in Hauppauge, New York. ECF No. 5. On June 17, 2011, plaintiff filed a motion for entry of default on the ground that defendant had not filed an answer. ECF No. 6. On June 20, 2011, Warren Richmond filed opposition to the motion on the ground that he is not authorized to accept service on behalf of defendant and that service by mail was inadequate pursuant to Federal Rule of Civil Procedure 4. ECF No. 7. Pursuant to a referral, Magistrate Judge William D. Wall issued a Report and Recommendation on June 29, 2011 (the "Report") recommending that plaintiff's motion be denied, and that plaintiff be provided with twenty (20) days to effectuate proper service. ECF No. 9. For the reasons stated herein, the Report is accepted in its entirety.

1

I. The Report and Recommendation

Magistrate Judge Wall noted that the complaint "appears to be based on the same facts" as a complaint filed by plaintiff against defendant and additional parties in December 2005, and dismissed on defendant's motion for summary judgment. Report at 1 (citing Staskowski v. County of Nassau, No. CV 05-5984 (E.D.N.Y, June 22, 2009)). Plaintiff's "Affirmation of Service" indicated that the complaint had been served upon the attorney representing defendant in the earlier lawsuit and not on defendant. Report at 1. Magistrate Judge Wall concluded that plaintiffs motion for default should be denied because "good service was never made." *Id.* As the time for service had expired, pursuant to Federal Rule of Civil Procedure 4(m), Magistrate Judge Wall recommended that plaintiff's complaint be dismissed if defendant was not served within twenty (20) days after the Court rules upon the Report.

On July 14, 2011, plaintiff filed objections to the Report. ECF No. 10. Plaintiff indicates that she has no objections to the Report insofar as it recommends denial of the motion for default and permitting plaintiff twenty (20) days to serve the complaint. Plaintiff only objects to the Report's description of the complaint as "based upon the same facts" as the earlier law suit. *Id.* at 1-2. The law firm of Ingerman Smith, L.L.P. filed a reply as "attorneys for defendant." ECF No. 11.

II. Discussion

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct

proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b); Baptichon v. Nevada State Bank, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), affd, 125 F. App'x. 374 (2d Cir. 2005); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

No objections have been filed to the Report insofar as it recommends that plaintiff's motion for entry of default be denied, and plaintiff be permitted twenty (20) days to properly serve defendant. Plaintiff's objection to the challenged "characterization" of her claim is on record but is not an objection to a dispositive matter, and will not be reviewed de novo. Upon review, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court accepts and adopts Magistrate Judge Wall's Report as an order of the Court.

II.  Conclusion

For the foregoing reasons, the Report is accepted in its entirety as an order of the Court.

Plaintiff's motion for entry of default is denied. Plaintiff's complaint will be dismissed unless plaintiff properly serves defendant within twenty (20) days of entry of this order.

**SO ORDERED.**

```
                                            _____
                                            ...NDRA J. FEUERSTEIN
                                            United States District Judge
```

Dated: August 25, 2011
      Central Islip, New York